UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JENNY M. HOYT,<br><br>        Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>        Defendant. | No. 12-cv-163-JPH<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are cross-motions for summary judgment. ECF Nos. 14 and 17. The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the parties' briefs, the court **grants** defendant's motion for summary judgment, **ECF No. 17**.

## JURISDICTION

Hoyt protectively applied for supplemental security income (SSI) benefits on February 12, 2010. She initially alleged onset as of August 1, 2008, but amended it at the hearing to the application date, February 12, 2010 (Tr. 20, 45, 128-31, 137, 145). Benefits were denied initially and on reconsideration (Tr. 77-80, 84-86). ALJ Marie Palachuk held a hearing on June 16, 2011 (Tr. 44-74) and issued an unfavorable decision on July 7, 2011 (Tr. 20-41). The Appeals Council denied

ORDER - 1

review on March 2, 2012 (Tr. 1-5). The matter is now before the Court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on March 23, 2012. ECF Nos. 1 and 5.

## STATEMENT OF FACTS

The facts have been presented in the administrative hearing transcript, the ALJ's decision and the parties' briefs. They are only briefly summarized as necessary to explain the court's decision.

Hoyt was 46 years old when she applied for benefits. She has an eighth, ninth or tenth grade education, no past relevant work history and very little reported income (Tr. 35, 59, 128, 132, 138, 203). She alleges disability based on the physical limitation of tachycardia and the mental limitations of depression and borderline intellectual functioning (BIF) (Tr. 128, 137). On appeal Hoyt alleges the ALJ should have found she is more mentally limited. ECF No. 15 at 8.

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423 (d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423 (d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process

ORDER - 2

or determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. §404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work, that plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual capacity (RFC) is considered. If plaintiff cannot perform past relevant work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the

ORDER - 3

performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th

ORDER - 4

Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## ALJ'S FINDINGS

At step one **A**LJ Palachuk found Hoyt did not work at SGA levels after she applied for benefits on February 12, 2010 (Tr. 22). At steps two and three, she found Hoyt suffers from hypertension, history of supraventricular tachycardia, controlled; mild degenerative lumbar disc disease, obesity, borderline intellectual functioning and major depressive disorder, impairments that are severe but do not meet or medically equal a listed impairment (Tr. 22). The ALJ found Hoyt can perform a range of light work (Tr. 25). At step four, the ALJ found Hoyt had no past relevant work (Tr. 35). At step five, relying on a vocational expert's opinion, the ALJ found Hoyt is capable of performing other jobs, such as laundry worker, housekeeper/cleaner and fruit sorter (Tr. 35-36). The ALJ concluded Hoyt was not disabled from February 12, 2010 through date of the decision, July 7, 2011 (Tr. 37).

## ISSUES

Hoyt alleges the ALJ failed to properly weigh the medical evidence, specifically, the opinions of examining psychologist W. Scott Mabee, Ph.D., and testifying expert Joseph Cools, Ph. D. ECF No. 15 at 8-9; Tr. 203-08, 310-16. The Commissioner responds that the ALJ's findings are supported by inferences reasonably drawn from the record. The decision is supported by substantial evidence in light of the record as a whole. She asserts the ALJ applied the correct

ORDER - 5

legal standards. Accordingly, the Commissioner asks the Court to affirm the ALJ's decision. ECF No. 17 at 11-12.

# DISCUSSION

*Psychological limitations*

*A. Dr. Mabee*

Hoyt alleges the ALJ should have given more credit to the opinions of Dr. Mabee, a psychologist who evaluated Hoyt for the Department of Social and Health Services in 2009 and 2010. ECF No. 15 at 8-12. The Commissioner responds that the ALJ's reasons for failing to credit Dr. Mabee's contradicted assessed marked and moderate limitations (Tr. 204, 206, 311-12) are specific, legitimate and supported by substantial evidence. ECF No. 17 at 5-7.

The ALJ rejected assessed marked and moderate limitations because both times Dr. Mabee administered the Minnesota Multiphasic Personality Inventory, second edition, revised (MMPI-2-RF), Hoyt over-reported symptoms, causing Mabee to deem the test invalid on both occasions (Tr. 30, 33-34, 208, 313). The ALJ also rejected more dire limitations because they appeared to be based (at least in part) on Hoyt's discounted subjective reporting (Tr. 31, 33-34). Hoyt fails to challenge the ALJ's negative credibility assessment on appeal.

*Credibility*

To aid in weighing the conflicting medical evidence, the ALJ evaluated Hoyt's credibility. Credibility determinations bear on evaluations of medical evidence when an ALJ is presented with conflicting medical opinions or inconsistency between a claimant's subjective complaints and diagnosed condition. *See Webb v. Barnhart*, 433 F.3d 683, 688 (9th Cir. 2005). It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent

reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reason for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

Hoyt does not challenge the ALJ's negative credibility assessment, making it a verity on appeal. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n. 2 (9th Cir. 2008). The ALJ notes Hoyt's activity of raising a one year old grandchild in 2008 (originally onset was alleged beginning August 1, 2008) is inconsistent with claimed severe limitations. The ALJ observes MMPI results showed Hoyt exaggerated her symptoms. Hoyt told the ER she walks three times a day with her granddaughter and they walk about a mile, but testified she can only walk a block to a block and a half. January 2011 records show Hoyt missed or canceled five medical appointments in 2011 without explanation. She has been noncompliant with taking prescribed medications. (Tr. 27, 30-34, 64, 208, 233, 241, 243, 245, 281, 330-31). The unchallenged finding is fully supported.

In addition, the ALJ correctly found the checkbox forms entitled to little weight (Tr. 34), contrary to Hoyt's allegation. *See Crane v. Shalala*, 76 F. 3d 251, 253 (9th Cir. 1996).

*B. Dr. Cools*

Hoyt alleges the ALJ gave too much credit to Dr. Cools, who testified but had never examined plaintiff. ECF No. 15 at 10-12, Tr. 49-57. According to the Commissioner, the ALJ correctly found that Dr. Cools' opinion is supported by Hoyt's reported activities, particularly with respect to assessed moderate limitations in the areas of concentration and persistence. ECF No. 17 at 9, citing Tr. 24, 33-34. The activities cited include house cleaning, daily laundry, shopping and cooking, all with minimal problems (Tr. 205). Hoyt fails to point to any evidence showing greater limitations than those assessed by the ALJ.

ORDER - 7

Dr. Arnold (Tr. 359) did not even examine Hoyt until after the ALJ's unfavorable decision.

The ALJ's reasons for rejecting more dire limitations are specific, legitimate and supported by substantial evidence. Her hypothetical included all of the limitations supported by the evidence. There was no harmful error.

## CONCLUSION

After review the Court finds the ALJ's decision is supported by substantial evidence and free of legal error.

**IT IS ORDERED**:

1. Defendant's motion for summary judgment, **ECF No. 17**, is **granted.**

2. Plaintiff's motion for summary judgment, ECF No. 14, is denied.

The District Executive is directed to file this Order, provide copies to counsel, enter judgment in favor of defendant, and **CLOSE** the file.

DATED this 16th day of July, 2013.

*s/James P. Hutton*

JAMES P. HUTTON

UNITED STATES MAGISTRATE JUDGE

ORDER - 8